**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 98-20093
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN AREVALO-SANCHEZ, also known
as Javier Cuevas-Karr, also known
as Javier Cuevas, also known as
Juan Jose Gutierrez,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-97-CR-222-1

_____

September 23, 1998

Before KING, BARKSDALE and STEWART, Circuit Judges.

PER CURIAM:[*]

Juan Arevalo-Sanchez appeals the sentence imposed by the district court following his guilty-plea conviction of illegal reentry into the United States following deportation, a violation of 8 U.S.C. §§ 1326. Arevalo-Sanchez challenges the characterization of his prior Texas convictions for possession of cocaine as aggravated felonies and the concomitant 16-level increase in his base offense level under by U.S.S.G. § 2L1.2(b)(2) (Nov. 1995). He also contends that the notice and specificity requirements of due process are violated by designating his convictions for possession of an amount

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of cocaine consistent with personal use as "drug trafficking." He has withdrawn his challenge to the sufficiency of the indictment.

We review a sentence imposed under the Sentencing Guidelines to determine "whether the sentence was imposed in violation of law, as a result of an incorrect application of the Sentencing Guidelines, or was outside of the applicable guideline range and was unreasonable." United States v. Hinojosa-Lopez, 130 F.3d 691, 693 (5th Cir. 1997)(citation and internal quotations omitted). We review findings of fact for clear error, but we conduct a de novo review of the district court's application of the Sentencing Guidelines. Id.

The district court applied the Sentencing Guidelines in effect at the time of Arevalo-Sanchez's arrest in August 1997, rather than those in effect at his sentencing in January 1998. This was error. See 18 U.S.C. § 3553(a)(4)(A); cf. United States v. Suarez, 911 F.2d 1016, 1022 (5th Cir. 1990) (holding that sentencing guidelines in effect at time of offense are to be used to calculate defendant's sentence if use of guidelines in effect on date of sentencing would violate Ex Post Facto Clause). As there is no assertion in the record that ex post facto principles were encroached, the correct guideline for calculating appellant's sentence was U.S.S.G. § 2L1.2(b)(1)(A) (Nov. 1997). However, the substance of the relevant portions of § 2L1.2 did not change from the 1995 to the 1997 editions.

In cases involving a conviction for unlawful reentry into the United States, the defendant's offense level is increased by 16 levels if the defendant previously was deported after a conviction for an aggravated felony. § 2L1.2(b)(1)(A) (Nov. 1997). A "prior conviction constitutes an aggravated felony for purposes of § 2L1.2(b)[(1)(A)] if (1) the offense was punishable under the Controlled Substances Act and (2) it was a felony." Hinojosa-Lopez, 130 F.3d at 694. Possession of cocaine is punishable under the Controlled Substances Act, see 21 U.S.C. § 844(a), and possession of cocaine is a felony under Texas law. See TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (West 1992 & 1994). Therefore, Arevalo-Sanchez's argument is foreclosed by this court's opinion in Hinojosa-Lopez.

Arevalo-Sanchez contends that the term "drug trafficking" as cited to by the Guidelines is unconstitutionally vague and does not provide notice that it applies to mere possession of drugs.

"A criminal statute is void for vagueness under the Due Process Clause of the Constitution when it fails to provide a person of ordinary intelligence fair notice of the conduct it proscribes." See United States v. Nevers, 7 F.3d 59, 61 (5th Cir. 1993) (citations omitted).

Arevalo-Sanchez's constitutional argument is unfounded. His challenge is to a sentencing guideline, not to a criminal statute. "Due process does not mandate . . . notice, advice, or a probable prediction of where, within the statutory range, the guideline sentence will fall." United States v. Pearson, 910 F.2d 221, 223 (5th Cir. 1991); cf. United States v. Brito, 136 F.3d 397, 407 (5th Cir.) (holding, in challenge to "substantial income or resources" prong of continuing-criminal-enterprise statute, that "[t]he due process concern of giving individuals sufficient notice as to what activities are prohibited is simply not an issue in this case" because the provision does not make otherwise legal conduct a crime, but merely enhances the penalty), cert. denied, 118 S. Ct. 2389 (1998).

AFFIRMED.